**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

RONALD JONES,

        Plaintiff,

   v.

RONALD H. CATHEL, et al.,

        Defendants.

Civil No. 05-3170 (MLC)

**OPINION**

**APPEARANCES**:

    RONALD JONES, #9547131A, Plaintiff <u>pro se</u>
    Northern State Prison
    P.O. Box 2300
    Newark, New Jersey  07114

**COOPER**, District Judge

    Plaintiff Ronald Jones, a prisoner who is confined at Northern State Prison, filed a 23-page, single spaced Complaint <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.  On July 27, 2005, the Court dismissed the Complaint without prejudice on the ground that it did not conform to the requirement of Rule 8(a) that it set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  <u>Leatherman v. Tarrant County Narcotics Intelligence & Coord. Unit</u>, 507 U.S. 163, 168 (1993).  The Court granted Plaintiff leave to file an amended complaint containing facts sufficient to state a claim under 42 U.S.C. § 1983, in conformance with Rule 8(a).  Petitioner filed an Amended Complaint on September 12, 2005.

The Court is required to dismiss at any time a civil action or claim brought by a plaintiff who is proceeding in forma pauperis if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).  Having thoroughly reviewed Plaintiff's allegations, the Court will dismiss the Complaint and Amended Complaint.

## I.   BACKGROUND

Plaintiff asserts the following facts, which he alleges occurred while he was confined at New Jersey State Prison in 2005.  Plaintiff asserts that on June 21, 2005, an officer came to his assigned cell and, smiling, the officer ordered Plaintiff to go to the Traffic Control area to replace his I.D. card and for DNA testing.  He alleges that he went to the Traffic Control area and corrections officer Bryant "ask[ed] him for his new I.D. card and next she told him to go down to intake for the DNA testing with sexual implications.  It appearing that she thought up the unnecessary renewal of his I.D. card the prior day when he gave it to her for a 7:30 AM library pass.  For the purpose to derive some personal attention, to make sexual advances and/or acting to retaliate against him because he pay her no mind in that regard."  (Compl. ¶ 33.)  Plaintiff asserts that, when he arrived at intake, Mr. Houseworth advised him that, for the past

two weeks, inmates have been required to take a DNA test when they receive a new I.D. card.  Houseworth allegedly asked Plaintiff to sign a form regarding the DNA test.  Plaintiff asserts that he refused to sign the form, but not to take the test.  As a result, Plaintiff was placed in a holding cell, a sergeant was called (who told Plaintiff that he didn't have to sign the form), and, after three hours, the DNA test was performed.

    Plaintiff then asserts:

> On the following morning at approx. 8:30AM wing guard Wade again came to the Plaintiff's assigned cell smiling and saying that guard Ms. Bryant called from Traffic Control and wanted him for DNA testing again.  The Plaintiff advised guard Wade that he had already took it but who replied that [expletive] was between her and him.  So he went to Traffic where she told him that it was cancelled.  The Plaintiff submitted a prison grievance form dated June 21, 2005 to NJSP warden, Defendant Cathel, regarding this matter, advising that he don't want a physical relationship with Ms. Bryant nor any other female prison staffer no matter what anybody believes or whatever any female here tries to get whosoever to believe otherwise, and that the misconduct of all the aforesaid prison employees involved violated his due process rights being ignored by NJSP officials . . .

(Compl. ¶ 33.)  Plaintiff states that he sent letters to the Commissioner of the Department of Corrections and the Mercer County Prosecutor regarding Ms. Bryant.

    Plaintiff also complains about deprivation of property.  He alleges that prison officials conducted a search of his cell in an abusive manner and took some of his personal property.  He

3

states that he complained to the warden, who denied relief on August 25, 2005. Plaintiff states that on June 29, 2005, prison officials wrote a memorandum to him indicating that he owes the prison for legal debits and that money deposited to his inmate account would be applied against the debt. In addition, Plaintiff asserts that prison officials deliberately failed to credit him his state pay for July 2005, the last month he was incarcerated at New Jersey State Prison.

Plaintiff further complains that on June 6, 2005, officials at New Jersey State Prison placed a sign on his tier stating that the hot water sink used by inmates to wash cups and utensils was broken. Plaintiff submitted a grievance on July 10, 2005, regarding the lack of hot water, but the sink was not repaired during the five-week period he was housed on that wing.

Plaintiff also alleges that prison officials at New Jersey State Prison (and, after he was transferred, Northern State Prison) denied him meaningful access to the law library. He asserts that he needed to prepare a petition to the United States Supreme Court seeking certiorari from the Third Circuit's order denying a certificate of appealability in his habeas corpus case. Also, Plaintiff asserts that he needed access to the law library in order to prepare his amended complaint in this case. He states that, although he submitted daily library requests, he was denied adequate access to the law library.


## II.    STANDARD FOR SUA SPONTE DISMISSAL

The Court, prior to docketing or as soon as practicable after docketing, is required to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The Court is required to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  "In addition, under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case."  Swierkiewicz v. Soreman, 534 U.S. 506 511 (2002); see also Leatherman, 507 U.S. at 168.  Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The statement of the claim must simply "give the defendant fair notice of what the

plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz, 534 U.S. at 512. Moreover, a pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz, 534 U.S. at 514 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). As Defendants' operation of the prison constitutes state

6

action within § 1983, the Court will examine the allegations to determine if dismissal of any claim is required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court liberally construes the Amended Complaint as implicating three federal claims: (1) the conditions of confinement constituted cruel and unusual punishment in violation of the Eighth Amendment, applicable through the Fourteenth Amendment; (2) prison officials denied Plaintiff access to courts in violation of the First Amendment, applicable through the Fourteenth Amendment; and (3) prison officials deprived Plaintiff of a protected property interest without due process of law under the Fourteenth Amendment.

A.  Eighth Amendment

Plaintiff's allegations concerning corrections officer Bryant and the broken hot water sink implicate the Eighth Amendment. The Eighth Amendment prohibits punishment that inflicts unnecessary and wanton pain. See Rhodes v. Chapman, 452 U.S. 337, 346-47 (1981). Among unnecessary and wanton inflictions of pain are those that are totally without penological justification. Id. at 346. To state a claim under the Eighth Amendment, an inmate must allege both an objective element and a subjective element. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

To establish a conditions of confinement claim, an inmate must first show that the alleged deprivations are sufficiently serious. Farmer, 511 U.S. at 834. Conditions are sufficiently

7

serious when they (1) involve the wanton and unnecessary infliction of pain, (2) deny the inmate one identifiable basic human need, or (3) deprive a prisoner of the minimal civilized measure of life's necessities.  Wilson v. Seiter, 501 U.S. 294, 305 (1991); Rhodes, 452 U.S. at 347.  Several deprivations in combination may satisfy the objective component "when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need, such as food, warmth, or exercise."  Wilson, 501 U.S. at 304.  Protected human needs also include reasonable safety, habitable shelter, and essential sanitation.  Id. at 304-05; Rhodes, 452 U.S. at 348; Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996); Young v. Quinlan, 960 F.2d 351, 365 (3d Cir. 1992).

Plaintiff complains that for five weeks, the hot water sink on his wing did not work.  Plaintiff does not state that there was no water at all on his wing or that the prison as a whole had no hot water.  The Court finds that the lack of a hot water sink on one wing of a prison for five weeks is not sufficiently serious to constitute violation of the Eighth Amendment.[1]

Plaintiff's allegations also indicate that Plaintiff believed that Ms. Bryant summoned him for DNA testing two days in

---

[1] "[T]he length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards.  A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months." Hutto v. Finney, 437 U.S. 678, 686-87 (1978).

a row because she wanted a sexual relationship with him.  Of course, allegations of sexual harassment of a prisoner by a corrections officer may state an Eighth Amendment claim under § 1983.  See Walker v. Taylorville Corr. Ctr., 129 F.3d 410, 414 (7th Cir. 1997); Mathie v. Fries, 121 F.3d 808 (2d Cir. 1997); Freitas v. Ault, 109 F.3d 1335, 1338-39 (8th Cir. 1997); Boddie v. Schnieder, 105 F.3d 857 (2d Cir. 1997).  However, the allegations in the Amended Complaint do not indicate that Ms. Bryant sexually harassed Plaintiff.  Even if they did, a single isolated incident of sexual harassment that is not in and of itself severe, is not sufficiently serious to satisfy the objective component of an Eighth Amendment claim.  See Berryhill v. Schriro, 137 F.3d 1073 (8th Cir. 1998); Boddie, 105 F.3d at 857.  Because Plaintiff's allegations do not allege conditions that are sufficiently serious to satisfy the objective component of an Eighth Amendment claim, the Court will dismiss the Eighth Amendment claims for failure to state a claim upon which relief may be granted.  See 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

B.  Access to Courts

Plaintiff asserts that prison officials did not allow him enough time in the law library, and he needed to prepare the Amended Complaint in this case and a petition for certiorari to the Supreme Court from the Third Circuit's order denying a certificate of appealability.

9

An inmate lacks standing to pursue an access to the courts claim unless he shows that the alleged interference of prison officials or shortcomings in the library or legal assistance program "hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 352 (1996).  An inmate must show that a pending or contemplated legal proceeding was prejudiced or harmed in some way by the alleged interference or shortcomings.  Oliver v. Fauver, 118 F.3d 175, 178 (3d Cir. 1997).  In Lewis, 518 U.S. at 351, the Supreme Court described potential actual injuries:

> He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known.  Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Id.

Plaintiff complains that the denial of adequate access to a law library or legal assistance program by Defendants interfered with his preparation of this Amended Complaint and with a petition for certiorari to the United States Supreme Court from denial of a certificate of appealability.  However, Plaintiff was able to prepare both the Amended Complaint and the petition for certiorari.  See Jones v. Cathel, 126 S.Ct. 800 (Mem) (2005).  Thus, the alleged denial of access to a law library did not cause actual injury under Lewis v. Casey.  The Court will dismiss the

access to courts claim for failure to state a claim upon which relief may be granted.

C.  Deprivation of Property

Plaintiff claims that prison officials stole or destroyed his personal property that was removed from his cell during a search.  He complains that prison officials improperly deducted money from his prison account and failed to pay him for work he performed during the final month of his incarceration at New Jersey State Prison.  The Court construes these allegations as attempting to state a claim that officials deprived Plaintiff of property without due process of law in violation of the Fourteenth Amendment.

The Due Process Clause prohibits a state or local government from depriving a person of property without providing due process of law.  Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979).  To analyze a due process claim, a court determines whether the Plaintiff "was deprived of a protected interest, and, if so, what process was his due." Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982); see also Holman v. Hilton, 712 F.2d 854, 858 (3d Cir. 1983).

Although Plaintiff has a property interest in personal property, earned income and other funds deposited to his prison account, see Tillman v. Lebanon County Corr. Fac., 221 F. 3d 410, 421 (3d Cir. 2000); Reynolds v. Wagner, 128 F. 3d 166, 179 (3d

Cir. 1997), his due process claim nevertheless fails as a matter of law because the New Jersey Tort Claims Act provides all the process that is due. The Third Circuit held in Tillman that the Due Process Clause does not require prison officials to conduct predeprivation hearings when they deduct fees from prisoners' wages because, "if the available postdeprivation procedure is adequate, then that is all the process to which the [prisoner] is due under these circumstances." Tillman, 221 F. 3d at 421 n.12; see also Zinermon v. Burch, 494 U.S. 113, 115 (1990); Hudson v. Palmer, 468 U.S. 517 (1984); Holman, 712 F.2d at 856.

The New Jersey Tort Claims Act ("NJTCA"), N.J.S.A. § 59:1-1 et seq., provides an adequate post-deprivation judicial remedy to persons, including inmates such as Plaintiff, who believe they were wrongfully deprived of property at the hands of prison officials. See Holman, 712 F.2d at 857; Asquith v. Volunteers of Am., 1 F.Supp.2d 405, 419 (D.N.J. 1998), aff'd 186 F.3d 407 (3d Cir. 1999). Because the NJTCA is an available remedy providing all the process which is due, Plaintiff's due process claims fail and the Court is constrained to dismiss them pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

D.  State Law Claims

To the extent that Plaintiff seeks to assert claims arising under state law in this action, the Court declines to exercise

supplemental jurisdiction over these claims. All federal claims over which the Court has original jurisdiction are being dismissed. See 28 U.S.C. § 1367(c)(3).

### IV. CONCLUSION

The Court dismisses the Complaint and Amended Complaint for failure to state a claim upon which relief may be granted.


　　　　　　　　　　　　　　　　　s/ Mary L. Cooper
　　　　　　　　　　　　　　　　**MARY L. COOPER**
　　　　　　　　　　　　　　　　United States District Judge